Requestor: Jerome F. Matedero, Village Attorney Village of Westbury 235 Lincoln Place Westbury, New York 11590
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a village has the authority to establish the position of alternate acting justice to serve when both the village justice and acting justice are absent or unable to serve.
The Village Law specifically provides for the number and classification of justices serving village courts. A village may have "no more than two village justices, but in the event a village has one justice, it shall also have an acting justice to serve when requested by the village justice or should the village justice be absent or unable to serve" (Village Law, § 3-301[2][a]). A village may establish the office of village justice or abolish such office by resolution or local law, subject to permissive referendum (ibid.). The Legislature has specifically authorized the establishment of a third village justice in a particular village (id., § 3-303).
We believe that the legislative scheme indicates a purpose to closely control the number and classification of justices serving village courts. It appears that the only alternative available to a village whose one justice and acting justice are unable to meet existing needs is to authorize a second village justice to replace the acting justice. Also, the working hours and salaries of the justices could be tailored to meet local needs.
Your second question is whether the superintendent of recreation of a village is entitled to disqualification from jury duty. Under our policies, we must decline to respond to this question. The authority to disqualify jurors is with the county commissioner of jurors. It is necessary that the county attorney request our opinion on his behalf.
We conclude that a village is not authorized to appoint an alternate acting justice.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.